PER CURIAM:
Claimant brought this action for damages sustained to her vehicle as her friend was driving her vehicle and it went into two holes while they were traveling together on Route 20. The incident occurred in the vicinity of the Little Glade Baptist Church at milepost 2-!4 between Camden-on-Gauley and Cowen. Route 20 is a road maintained by respondent in Webster County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on May 22, 1998, at approximately 8:00 to 9:00 p.m. On the clear night in question, claimant’s friend, Kenneth Green, was driving her vehicle on Route 20 near the location of the Little Glade Baptist Church which was situate on the right side of the road. The headlights of claimant’s 1990 Dodge Daytona were operating at the time. Route 20 is a priority one, two-lane, blacktop highway with a double yellow 1 ine a s the centerline and white lines indicating the edges of the pavement. Each lane of Route 20 is about eight to ten feet in width. Claimant and her friend frequently travel this portion of Route 20 but were not aware of any holes in the paved surface of the road. Furthermore, neither claimant nor her friend were aware of any warning devices at the scene.
As Mr. Green drove on the straight stretch of Route 20 at a speed of forty miles per hour in the fifty-five mile per hour speed zone with no traffic in front of or behind him, the vehicle suddenly and almost simultaneously struck two separate holes, two to two and one-half feet wide and eighteen inches deep, on the right side of the road surface of Route 20. The holes were described as extending six to eight *155 inches into the berm at the side of the pavement and into the paved portion of the road some twelve to fifteen inches. The impact burst both of the tires on the right side of the vehicle with other structural damage as well. Mr. Green drove the vehicle to the residence of another friend for repairs. The following day, claimant stated that she contacted respondent and reported the incident. The damaged sustained to the vehicle was in the amount of $1,288.96. Claimant’s liability motor vehicle insurance policy did not provide coverage for this incident.
The position of respondent was that it did not have notice of the hole on Route 20 in Webster County. A review of respondent’s daily records indicates that there were no complaints regarding any holes near milepost 2-lA on Route 20 around the date of the incident, but respondent did not deny the possibility that claimant contacted its local office. Later that summer, respondent re-paved this portion of Route 20.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
The evidence adduced at the November 4, 1999, hearing establish that respondent had notice of the existence of the holes on Route 20 in Webster County at the location of claimant’s accident. It is the opinion of the Court that the size and location of the holes on Route 20 establish that they had been there for some time; therefore, respondent had constructive notice of the condition of the road. Additionally, respondent did not have record of claimant’s complaint, but did not deny that claimant could have complained. If so, there could have been prior complaints without record. Consequently, there is sufficient evidence of negligence upon which to base an award.
Notwithstanding respondent’s negligence, the Court is also of the opinion that the driver was negligent in the. operation of claimant’s vehicle. Mr. Green failed to operate claimant’s vehicle in such a manner as to avoid the holes which were in their travel lane. Consequently, the Court imputes the negligence of the driver to claimant, herein. In a comparative negligence jurisdiction, such as West Virginia, a finding of negligence can reduce or bar recovery of a claim. Based on the above, the Court finds that the driver was 30% negligent for the incident that occurred. Since the driver’s negligence is not greater than or equal to the negligence of respondent, claimant may recover 70% of the loss sustained.
In view of the foregoing, the Court is of the opinion to and does make an award to claimant in the amount of 70% of the damages for a total award of $902.27.
Award of $902.27.